UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHOENIX SURGICALS, LLC,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   3:10-cv-1643 (WWE) |
| BLACKSTONE MEDICAL, INC. d/b/a<br>ORTHOFIX SPINAL IMPLANTS,<br>    Defendant. | :<br>:<br>:<br>: |

**MEMORANDUM OF DECISION ON
<u>PLAINTIFF'S MOTION FOR RECONSIDERATION</u>**

Plaintiff Phoenix Surgicals, LLC moves (Doc. #24) for the Court to reconsider its ruling dismissing this action against defendant Blackstone Medical, Inc., d/b/a Orthofix Spinal Implants ("Orthofix") pursuant to Federal Rule of Civil Procedure 12(b)(3). For the following reasons, the motion for reconsideration will be granted and, upon reconsideration, the Court will vacate the judgment previously entered and grant defendant's motion to dismiss in part.

**BACKGROUND**

The underlying facts and the identities of the parties are set forth in the Court's memorandum of decision issued on November 17, 2010 (Doc. #21). For the ease of the reader, the Court will restate the relevant forum selection clause contained in the parties' agreement. It provided:

> The validity, interpretation, performance and enforcement of this Agreement shall be governed by and interpreted in accordance with the laws of the State of Texas. All disputes which arise in connection with, or are related to this Agreement or any breach thereof, shall be resolved, if not settled, by litigation only in Collin County, Texas or Dallas County, Texas or the Federal Court otherwise having territorial jurisdiction

1

> over such counties and subject matter jurisdiction over the dispute, and not elsewhere. To this end, [Phoenix] waives any rights it may have to insist that litigation to which it is a party be had in any other venue other than above court, and covenants not to sue [Orthofix] in any court other than the above-referenced court. Should this provision be void pursuant to applicable State law, all other provisions in this Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

In its previous decision, the Court dismissed this action because of the forum selection clause in the parties' sales representative agreement. Plaintiff filed the instant motion on November 22, 2010 (Doc. #24) seeking reconsideration of the Court's ruling.

## DISCUSSION

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. P. 7(c)(1). Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991). The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decid ed." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

In ruling on a motion under Rule 12(b)(3), the plaintiff bears the burden of showing that the venue is proper. Indymac Mortg. Holdings, Inc. v. Reyad, 167 F. Supp. 2d 222, 237 (D. Conn. 2001). If venue is improper, the court may dismiss or transfer the case to any district in which the action could have originally been brought. Johnsen, Fretty & Co. v. Lands S., LLC, 526 F. Supp. 2d 307, 310 (D. Conn. 2007).

A forum selection clause "made in an arm's-length negotiation by experienced

and sophisticated businessmen, and absent some compelling and countervailing reason...[,] should be honored by the parties and enforced by the courts." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972).  So long as the plaintiff was not inappropriately induced into entering into the agreement, the forum selection clause will be enforced.  Effron v. Sun Line Cruises. Inc., 67 F.3d 7, 9-10 (2d Cir. 1995); S & L Birchwood, LLC v. LFC Capital, Inc., 2010 U.S. Dist. LEXIS 109435 (E.D.N.Y. Oct. 13, 2010) (finding venue not proper where forum selection clause was mandatory and provided alternative forum).

>Determining whether a forum selection clause is enforceable requires a four-step analysis:

> The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement.  The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are required to bring any dispute to the designated forum or simply permitted to do so.  Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause....  The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

Phillips v. Audio Active, Ltd., 494 F.3d 378, 383-84 (2d Cir. 2007).  Enforcement is unreasonable if: (1) its incorporation into the agreement was the result of fraud or overreaching; (2) plaintiff will for all practical purposes be deprived of its day in court due to the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive plaintiff of a remedy; or (4) the clause contravenes a strong public policy of the forum state.  Roby v. Corporation of

3

Lloyd's, 996 F.2d 1353, 1363 (2d Cir. 1993).

Defendant argues that the choice of forum provision in the parties' agreement means that this Court provides an improper venue for this action. Plaintiff contends that the Connecticut Franchise Act ("CFA") bars enforcement of the forum selection clause contained in the parties' agreement. The CFA states that "any waiver of the rights of a franchisee under sections 42-133f or 42-133g which is contained in any franchise agreement ... shall be void." Conn. Gen. Stat. § 42-133f(f). Relying on this provision, plaintiff argues that the forum selection clause is unreasonable and void.

In its previous ruling, the Court relied upon the Supreme Court's opinion in Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 32 (1988), for the proposition that when a federal court sits in diversity, as the Court does now, the validity of a forum selection clause is determined based on federal law, not state law. Stewart, however, is not applicable to this case, and the Court should not have relied upon it. Stewart addressed the transfer of a case for improper venue, not the dismissal. When reviewing a motion under Rule 12(b)(3), the Court's analysis should be guided by M/S Bremen and Phillips. See Phillips, 494 F.3d at 384-85 ("[I]t is well established in this Circuit that the rule set out in M/S Bremen applies to the question of enforceability of an apparently governing forum selection clause, irrespective of whether a claim arises under federal or state law."); Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990) ("A motion to transfer an action to another federal district pursuant to section 1404(a) calls for an individualized, case-by-case consideration of convenience and fairness. The same broad-based balancing is not appropriate where, as here, a party seeks to have an action dismissed or remanded to state court, rather than transferred, on the basis of

4

a forum selection clause that purports to preclude litigation from a venue other than a specific state court."). State law on the enforceability of a forum selection clause remains applicable.

The only relevant consideration before the Court is the public policy of the state of Connecticut as expressed by the anti-forum selection clause provision of the CFA. Courts have recognized the strong public policy of the state of Connecticut against the enforcement of forum-selection clauses in franchise agreements. See Sherman St. Assocs., LLC v. JTH Tax, Inc., 2009 U.S. Dist. LEXIS 13105, *8 (D. Conn. Feb. 20, 2009) ("Sherman II") ("Connecticut has a strong public policy, demonstrated by the CFA and its 'remedial purpose' of preventing a franchisor from unfairly exerting its economic leverage to take advantage of a franchisee, that weighs against allowing a Connecticut franchisee to waive its right to the protections of the CFA."); Sherman St. Assocs., LLC v. JTH Tax, Inc., 2004 U.S. Dist. LEXIS 21102, *28 (D. Conn. Sept. 30, 2004); Pepe v. GNC Franchising, Inc., 46 Conn. Supp. 296 (2000).

Defendant relies on Roby and Timberland Machs., & Irrigation, Inc. v. Echo, Inc., 2009 U.S. Dist. LEXIS 31035 (D. Conn. Apr. 13, 2009), to support its view that the Court should give no effect to the state's public policy. In Roby, the Court of Appeals found that the plaintiffs had failed to establish a sufficiently strong public policy that would rebut the presumption of enforceability. See S.K.I. Beer Corp. v. Baltika Brewery, 612 F.3d 705, 711-12 (2d Cir. 2010). In Timberland, the Court addressed a motion to transfer, which, as noted earlier, requires a different analysis than a motion to dismiss. The strong public policy underlying the CFA is sufficient to find that the forum selection clause is unreasonable under Roby.

In light of the clear public policy of the CFA, the forum selection clause of the parties' agreement is unenforceable by this Court because it is unreasonable. Therefore, the Court will grant plaintiff's motion for reconsideration, and, upon reconsideration, vacate its previous ruling dismissing this action.[1]

Plaintiff's complaint contained two counts.  The first was the claim under the CFA; the second was a claim for a violation of the Connecticut Unfair Trade Practices Act ("CUTPA").  Because the Court found the forum selection clause enforceable, it dismissed the whole action without addressing how the forum selection clause would affect the CUTPA claim.  Now that the Court is reinstating this action, it will review the arguments made in the parties' initial papers and papers on the motion for reconsideration regarding the CUTPA claim.

The second count of the complaint asserts that Orthofix violated CUTPA by (1) terminating plaintiff's franchise without cause; (2) failing to cooperate with Phoenix in violation of the parties' agreement; and (3) failing to deal fairly and in good faith with Phoenix.  Section 42-133f(f) provides that a "waiver of the rights of a franchisee under sections 42-133f or 42-133g which is contained in any franchise agreement" is void. The legislature chose this limited language and did not extend its reach to other

---

[1] Defendant has asserted that the CFA provision should also not apply because the parties' relationship was not a franchisor-franchisee relationship. Defendant relies on the language of the parties' agreement for this proposition.  This argument should be addressed pursuant to Rule 12(b)(6) because it goes to whether plaintiff has properly asserted a claim for a violation of the CFA.  On the Court's reading of the complaint, it is apparent that plaintiff has sufficiently stated a claim that it was a franchisee to defendant franchisor.  See Conn. Gen. Stat. § 42-133e (defining "franchise," "franchisor" and "franchisee"); see also Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009) (stating standard on Rule 12(b)(6) motion).  Therefore, the Court will not dismiss the CFA claim for failure to state a claim.

statutory or common law claims that may be related to a CFA claim.  See Pepe, 46 Conn. Supp. at 300; see also Sherman II, 2009 U.S. Dist. LEXIS 13105 at *7-8. Therefore, the Court does not have jurisdiction to entertain plaintiff's CUTPA claim, and it must be dismissed.  Plaintiff's plea to not dismiss this claim is misplaced.  Based on the parties' forum selection clause, this Court is not the appropriate venue for the CUTPA claim.  Should plaintiff desire to try all of its claims together, it would be necessary to do so in Texas as contemplated by the parties' agreement.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for reconsideration (Doc. #24).  Upon reconsideration, the Court vacates the judgment it previously entered and grants defendant's motion to dismiss in part.  Plaintiff's CFA claim is reinstated, and its CUTPA claim is dismissed.  The Clerk is instructed to reopen this case.

Dated at Bridgeport, Connecticut, this 27th day of December, 2010.

                                    /s/
                              Warren W. Eginton
                              Senior United States District Judge